Howedd, J.
Wm. A. Gasquet, Arthur Shiff and Bertrand Saloy, mortgage creditors of the insolvent, have appealed from a judgment oh various oppositions to a provisional tableau filed herein by the syndic, distributing the proceeds of three plantations, encumbered, respectively, with mortgages, greater than the amounts which they produced at the sale.
I. — Wm.A. Gasquet, holding a mortgage on the Home or Ascension plantation, complains of being required to pay certain charges bearing a, general privilege on the fund affected by his mortgage, which he contends is- more ancient than the mortgage in favor of Bogart, Foley and Avery, *360 who are holders of a mortgage on the Ross plantation, and were relieved by the judgment from contributing pro rata to said charges as fixed by the tableau. The latter deny, (in which they are sustained by the Judge a^quo) that the former was subrogated to the mortgage rights of the Bank of Louisiana, the holder of the oldest mortgage, by paying the bank debt prior to the insolvency. In this there is error. Gasquet, holding the second mortgage on the property mortgaged to the bank, had an interest in paying the debt which primed his, and in doing so was subrogated by law to the rights of the bank. C. C. 2157. And having thus ■acquired a rank superior to that of Bogart, Foley & Avery, he was not compelled, under Art. 3236, C. C., to pay the aforesaid charges; but as he is satisfied with the apportionment made by the syndic, the tableau in this respect must be approved. ■»
II. — The complaint of the other appellants, is in regard to the distribution of the proceeds of the Garlick plantation, among the various holders of the notes given by the insolvent to Mrs. Garlick for the price ■thereof and secured by mortgage and vendor's privilege.
At the date of the cession, 25th January, 1866, eight of said notes were, outstanding, due, respectively, on the first day of May, annually, from 1860 to 1667, inclusive, and wore represented to be held as follows':
A. and M. Heine, the one due May 1, 1860.
Mrs. Basilice Skiff, the one due May 1, 1861.
B. Saloy, the one due May 1, 1862.
Mrs. Garlick, the three due May 1, 1863, 1864 and 1865.
Arthur Shift', the two due May 1, 1866 and 1867.
The District Judge distributed the fund proportionably between A. and M. Heine, Mrs. B. Skiff and B. Saloy, relieving it of the above general charges, and decreeing Mrs. Garlick and A. Skiff to be ordinary creditors. 'Mrs. Garlick does not appeal.
1. The fund distributable among these parties, affected with the vendor’s privilege, was correctly relieved of its proportion of the charges, bearing a general privilege; about which ruling no complaint is made before us. O. G. 3234; 11 A. 469. We do not understand the appellants .as objecting to any other charges.
. 2. Saloy complains of error in the judgment, in allowing A: and M. Heine a pro rata share of this fund, inasmuch as they had not opposed the tableau, on which they were placed for only $1,977 07, and which was homologated so far as not opposed. He correctly says, that the homologation of a tableau wherein not opposed is absolute, and no creditor, who has-not made opposition, can do so even on the grounds of opposition filed by others before the homologation, (1 L. 371;) and that A. and M. Heine cannot profit by a judgment obtained by others, when they made themselves no party to the litigation, which resulted in such judgment. Not having complained of the tableau, its homologation is conclusive as to the amount allotted to them in this distribution, and the judgment appealed from must be corrected accordingly.
3. Saloy asserts a priority over'the holders of the five notes falling due '■after his (Mrs. Garlick and A. Skiff) by virtue-of an agreement with Mrs. Garlick in February, 1864, by which, in consideration of a. stay of exeeution on a judgment, which he obtained against her as endorser on the *361 note held by him, she consented that his claims should take precedence of the said five notes then held by her. The view which we have taken of the next point, renders it unnecessary to express an opinion on this question, and the decree of the Court a qua in this respect will have no practical effect on the rights of the parties.
4 Arthur Shiff complains that he was improperly excluded with Mrs. ■Garlick, his assignor, from participation in the fund. This exclusion was based on the ground that Mrs. Garlick, being the assignor of the notes held by the other distributees, could not compete with them in the distribution, and A- Shiff, having acquired his notes from her after the surrender of the maker, had no greater rights than his assignor, who was the payee and mortgagee.
We think this ruling is sustained by the principle recognized in the case of Salzman v. His Creditors, 2 R. 243, that when the holder of a claim secured by mortgage assigns a part of it, he cannot be permitted to come in competition with his assignee, if the pledge is insufficient to pay both, and the doctrine that the rights of creditors are fixed at the moment of the cession, when the law vests the property of the insolvent in his creditors, any one of whom can do no act to impair the rights of the others. Shiff admits the correctness of the principle in the Salzman case, as applied to Mrs. Garlick, but denies its application to his claim, and contends that under the authority of Adams & Whitall v. Lear, 3 A. 144, he could share with Mrs. Shiff and Saloy. And he also contends that the doctrine, of the creditors’ rights being fixed at the surrender, means that they cannot be increased or diminished, through the action and diligence of the creditor, against the insolvent estate, and does not affect the rank of the different assignors inter se. In reply to this, it is only necessary to say that, having acquired the notes from Mrs. Garlick after the surrender, he acquired only her rights, which he admits were limited, by the authority of the Salzman case, to payment after her prior assignees had been paid, and that the case of Adams & Whitall v. Lear is not in point, as it was not a case of insolvency. Mrs. Garlick could transfer no greater, rights than she possessed, nor could she do anything,in any disposition of her own claim, which would affect or diminish the shares of her co-creditors in the proceeds of the pledge. The rank of the creditors depends on the nature of their respective claims, and is fixed by the surrender. The proportion or shares received by them depends on the amount of the proceeds, but not the right to share in them.
We conclude that the Judge a quo did not err in excluding Arthur Shiff with Mrs. Garlick from the participation in the fund from the Garlick plantation, as it is shown not to be sufficient to pay the notes held by Mrs. B. Shiff and B. Saloy, who, under the circumstances, are entitled to. the balance, after''paying the charges from which it has not been relieved, and the sum of $1,977 07, allotted to A. and M. Heine on the tableau; that the two items of $1,500, counsel fees, and $1,000, reserved for contingent expenses, be paid ratably out of the Ross and the Ascension funds; that each fund pay the charges to which it is made to contribute, except as specially relieved; and that A. and M. Heine are bound by the tableau, to which they made no opposition. - „
It is therefore ordered that so much of the judgment appealed from as *362 allots a share of the fund, proceeding from the sale of the Garliok plantation, to A. and M. Heine, pro rata, with Mrs. B. Shiff and B. Saloy, be reversed; that the claim of the said A. and M. Heine on said fund, be restricted to the sum of $1,977 07, as allotted to them on the tableau; and that the said fund, after paying the charges to which it is made to contribute, except its proportion of the three items of $1,500, counsel fees, $1,000 reserved for contingent expenses, and $H1 notary’s fees, of which it has been relieved, and the sum of $1,977 07 allotted to A. and M. Heine, be allotted pro rata to Mrs. B. Shiff and B. Saloy. It is further ordered that so much of said judgment as makes the fund, proceeding from the sale of the Ascension plantation, bear th'e said items of $1,500 counsel fees, and $1,000 reserved for contingent expenses, be reversed, and that said items be paid ratably out of the funds proceeding, respectively, from the sale of the Ross and the Ascension plantations; and that as thus amended the judgment appealed from, amending and homologating the provisional tableau, be affirmed. Costs of appeal to be borne jointly by Bogart, Eoley & Avery, A. and M. Heine and Arthur Shiff.
Rehearing refused.